IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

JAN 2 2 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| DESERT EAGLE DISTRIBUTING OF EL PASO, INC., Individually and on Behalf of Others Similarly Situated,[1] )<br><br>Plaintiffs, )<br><br>and )<br><br>NC VENTURES, INC., and ST. JAMES CAPITAL PARTNERS, L.P., )<br><br>Plaintiff-Intervenors, )<br><br>vs. )<br><br>KPMG LLP, FRANKLIN W. MARESH, DAVID J. KIRKPATRICK, ROBERT W. LAMBERT, JERRY WAYNE CLAIBORNE, JAMES TERRY STRANGE, JR., JACK TURNER TAYLOR, JR., RICHARD E. SEXTON, SARA LOU BROWN, and LARRY EVANS, )<br><br>Defendants. ) | CIVIL ACTION NO. SA-07-CA-108-FB |

## ORDER REGARDING DEFENDANTS' MOTION TO DISMISS

Before the Court are Defendants' Motion to Dismiss Under FED. R. CIV. P. 12(b) and 9(b) (docket nos. 40 & 42) and the response, reply and sur-reply filed by the parties. After careful consideration of the motion and related filings, the pleadings on file and the entire record in this matter, the Court is of the opinion the motion should be granted and the claims against defendants should be

---

[1] NAB Asset Venture, L.L.P. and Asset Collectors, L.P. were dismissed without prejudice as party-plaintiffs to this action by stipulation of the parties and Order (docket no. 38) of the Court on September 5, 2007.

dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim for actual damages upon which relief can be granted.

This client-based putative class action lawsuit is grounded on the fact that the late John Hudson, a New York-licensed certified public accountant, practiced public accountancy from January 1, 1984, until January 1, 1999, as a partner officed in KPMG's Houston office without obtaining a reciprocal Texas CPA license from the Texas State Board of Public Accountancy.[2]  Plaintiffs and plaintiff-intervenors (collectively referred to as "plaintiffs") seek reimbursement of the fees they paid for the accounting services rendered by KPMG and the individual defendants based on their allegations that Mr. Hudson engaged in the fraudulent and unauthorized practice of accountancy because he lacked a reciprocal Texas license in addition to his New York license.  From the fact Mr. Hudson failed to obtain a Texas license, plaintiffs rely on a now-repealed provision of the Texas Public Accountancy Act to argue KPMG, as a firm, did not have what plaintiffs refer to as a "proper license" to practice public accountancy in Texas during the fifteen-year period between 1984 and 1999.  Plaintiffs maintain Mr. "Hudson's failure to be licensed precluded KPMG, but for its deception, from obtaining a license for the partnership to practice public accountancy in Texas."

Defendants move to dismiss plaintiffs' Second Amended Complaint and the Amended Class Action Complaint in Intervention under three theories:

\*      This Court lacks subject matter jurisdiction under FED. R. CIV. P. 12(b)(1);

\*      Plaintiffs and plaintiff-intervenors have failed to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6);

---

[2] KPMG competitors filed a related class action lawsuit against these same defendants.  That case, which is also pending on this Court's docket, is styled Douglas Allan Little, et al. v. KPMG LLP, et al., SA-07-CA-621-FB.

\*          Plaintiffs and plaintiff-intervenors have failed to comply with FED. R. CIV. P. 9(b) by failing to plead fraud with particularity.

Plaintiffs contend defendants' motion should be denied in its entirety. Specifically, they argue this Court has subject matter jurisdiction over their claims, they have stated claims upon which relief can be granted and they have pleaded their fraud claim with sufficient particularity.

I.  Rule 12(b)(1) Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of subject matter jurisdiction. Such a challenge may be made in two ways: A "facial" attack and a "factual" attack. Elixir Shipping, Ltd. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 267 F. Supp. 2d 659, 661 (S.D. Tex. 2003). "A facial attack, which consists of a rule 12(b)(1) motion not accompanied by supporting evidence, challenges a court's jurisdiction based solely on the pleadings." Id. (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990); Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981)). "When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the Court's jurisdiction is a factual attack." Id. (citing Paterson, 644 F.2d at 523). Because defendants have submitted supporting evidence with their motion, their challenge to the Court's jurisdiction is factual.

II.  Rule 12(b)(6) Standard of Review

A motion to dismiss for failure to state a claim is disfavored and rarely granted. Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983). Two principles guide the review of a complaint sought to be dismissed. First, all well-pleaded facts in the complaint must be accepted as true, and "the complaint is to be liberally construed in favor of the plaintiff." Id. Second, the complaint should not be dismissed for failure to

state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id.

In order for a plaintiff to avoid dismissal for failure to state a claim, he or she must plead "specific facts not mere conclusory allegations." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992) (quoting Elliott v. Foufas, 867 F.2d 877, 881 (5th Cir. 1989)). Conclusory allegations as well as unwarranted deductions of fact are not admitted as true for purposes of a motion to dismiss. Id. (quoting Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)). The question to be resolved in determining a rule 12(b)(6) motion "is whether in light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999) (quotation omitted).

Rule 12(b)(6) allows a court to eliminate actions which are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burden of unnecessary pretrial and trial activity. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999) (discussing differences between rule 12(b)(6) motions to dismiss and rule 56 motions for summary judgment), cert. denied, 530 US 1229 (2000). In ruling on this type of a motion to dismiss, a court should consider only those facts stated on the face of the complaint or incorporated into the complaint by reference and matters of which judicial notice may be taken. Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996). If a complaint omits facts concerning a pivotal element of a plaintiff's claim, a court is justified in presuming the non-existence of those facts. Ledesma v. Dillard Dept. Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

### III. Rule 9(b) Standard of Review

Rule 9(b) of the Federal Rules of Civil Procedure requires that, "in alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ." The United States Court of

4

Appeals for the Fifth Circuit has made it clear a fraud cause of action must be pleaded with specific factual allegations in order for this claim to be in compliance with rule 9(b).  Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir.), cert. denied, 522 U.S. 966 (1997).  Specifically, "[p]leading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." Id. (quoting Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994) (emphasis in original)).

Silence can constitute a false representation under Texas law.  Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 435 (Tex. 1986).  The Texas Supreme Court has held that "[w]hen the particular circumstances impose on a person a duty to speak and he deliberately remains silent, his silence is equivalent to a false representation."  Id. (citing Smith v. National Resort Communities, Inc., 585 S.W.2d 655, 658 (Tex. 1979)).  However, the fact the alleged misrepresentation took the form of a fraudulent omission does not excuse a plaintiff from the specificity requirements of rule 9(b).  See Williams, 112 F.3d at 177 (holding FED. R. CIV. P. 9(b) applies to fraud cases).

## IV.  Defendants' 12(b)(1) Motion to Dismiss

The heart of defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is that the Board has exclusive jurisdiction over issues related to the licensure status of certified public accountants in Texas.  Because the issues in this case are directly related to the licensure of KPMG as a public accounting firm in Texas, defendants argue this Court does not have subject matter jurisdiction over the parties' dispute.  Defendants also allege this action is an impermissible collateral attack on Board decisions to grant licenses to KPMG and that plaintiffs lack standing under the Texas Public Accountancy Act ("TPAA") to pursue a private right of action.

While the TPAA does not specifically provide exclusive original jurisdiction to the Board in licensure matters, it cannot reasonably be argued the Board does not have exclusive original jurisdiction over these issues because the Texas legislature granted to the Board the authority to determine whether an individual or firm should be licensed in Texas, the power to discipline license holders, and the power to revoke licenses where necessary. TEX. OCC. CODE ANN. §§ 901.151, 901.501 (Vernon 2004). Plaintiffs contend, however, their claims are not based on the granting of licenses to KPMG, but rather KPMG's representations to plaintiffs that it was, in fact, properly licensed. Plaintiffs' claims are based on fraud; constructive fraud; breach of fiduciary duty; negligence per se; negligent misrepresentation; negligence and gross negligence; breach of contract; the Texas Deceptive Trade Practices Act; breach of warranty; and the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") against the individual defendants, against KPMG as a conspiracy, and against all defendants in the alternative. All of these are common law or statutory claims which do not invoke the TPAA. Moreover, nothing in the TPAA implies the Board has exclusive jurisdiction over common law and statutory claims against its licensees. The argument this Court does not have subject matter jurisdiction because of the admitted jurisdiction of the Board over licensure issues is, therefore, without merit. To hold otherwise would immunize certified public accountants in Texas from common law and statutory claims unless such actions were first taken before the Board, which does not have jurisdiction to hear such cases.[3]

Defendants also argue the complaint and complaint in intervention are an impermissible attack on the Board's decision to issue licenses to KPMG. The Board is not a defendant here and its decisions to issue licenses to KPMG are not the subject of the complaints. While licensure status is an element of the complaints against KPMG, the complaints do not attack the Board's actions, but rather KPMG's

---

[3] This argument was also made and rejected in the related case brought on behalf of KPMG's competitors.

representations to its clients that it was properly licensed to conduct accounting business in Texas. This Court may take judicial notice of the licensure requirements contained in the TPAA when considering this case. See United States v. Schmitt, 748 F.2d 249, 255 (5th Cir. 1984) (noting that "[t]he laws of the fifty states are not foreign to the United States or to its courts. 'The law of any State of the Union, whether depending upon statues or judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice . . . .") (quoting Lamar v. Micou, 748 U.S. 218, 223 (1885)). It seems to follow, therefore, that the Court has subject matter jurisdiction to determine for purposes of common law and statutory causes of action, if necessary, whether KPMG technically met the requirements for a licensed public accounting firm in Texas. Further, the licenses granted for the period in question are already expired by operation of law, Act of May 13, 1999, 76th Leg., R.S., ch 388, § 901.403, 1999 Tex. Gen. Laws 1431, 2127 (formerly Tex. Occ. Code Ann. § 901.403 (Vernon 1999)) (providing that "[a] licence expires on December 31 of the applicable year"), and are themselves immune from attack. Additionally, the issuance of licenses by the Board appears to be a purely administrative act and not an act requiring adjudication. See Plaintiff's Opposition to Defendants' Motion to Dismiss, docket no. 49, p. 10. The effect of the licenses, therefore, is a question of law for the Court rather than a collateral attack on the issuance of those licenses.

Lastly, for purposes of the rule 12(b)(1) motion to dismiss, defendants assert plaintiffs lack standing to pursue their relief under the TPAA. It is true the TPAA does not provide a private cause of action. See generally TEX. OCC. CODE ANN. §§ 901.601-.606 (Vernon 2004). It is also true, however, plaintiffs in this case are not, as discussed above, pursuing a claim under the TPAA. Plaintiffs, therefore, do have standing to pursue common law and statutory claims against defendants. For these

reasons, defendants' motion to dismiss under rule 12(b)(1) for lack of subject matter jurisdiction is denied.

## V.  Defendants' 12(b)(6) Motion to Dismiss

Defendants urge this Court to dismiss the complaints under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Disposition of this motion does not necessitate an analysis of each of the arguments made by defendants.  As discussed below, the Court is of the opinion the motion may be resolved solely on the nature of the claims alleged and the damages aspect of this case.

## A.  Causes of Action One Through Nine, Texas State Law Claims

"Texas law requires plaintiffs to demonstrate 'actual injury' to pursue a claim." Martin v. Home Depot U.S.A., Inc., 369 F. Supp. 2d 887, 890 (W.D. Tex. 2005).  Plaintiffs, however, have failed to demonstrate they suffered any "actual injury" at the hands of KPMG or the individual defendants due to KPMG's failure to ensure that one if its partners had a Texas-issued reciprocal license.  The basis of plaintiffs' argument is that some form of restitution is due because KPMG was not a "properly licensed" accounting firm.  However, it is not disputed that KPMG was, in fact, a firm licensed to practice public accountancy in Texas by the Board.  Plaintiffs state, rather, that KPMG held its licenses "subject to mandatory revocation at any time." Opposition to Defendants' Motion to Dismiss, docket no. 49, p. 1. This is, at best, an incorrect understanding of the mechanics of the license revocation process under the TPAA.  If an action had been brought before the Board to reconsider KPMG's license based on the facts asserted in the present complaints, plaintiffs suggest to this Court that the Board would have had no choice other than to simply revoke the license.  The TPAA provides, however, the Board shall revoke a firm license for failure to meet each necessary qualifications only after notice and a hearing.  TEX.

8

OCC. CODE ANN. § 901.504 (Vernon 2004). Defendants correctly assert the conclusion that the Board would have revoked KPMG's license had it been given the opportunity is merely conjecture on plaintiffs' part. See Defendants' Reply in Support of Their Motion to Dismiss, docket no. 54, p. 7 (stating "[e]ither before or at such a hearing, KPMG would either: (1) have had John Hudson fill out the proper paperwork; (2) transferred him back to New York, or otherwise caused him to suspend practice; or (3) terminated his employment" to prevent cancellation of KPMG's license to practice accounting in Texas."). Also, had KPMG's license been revoked, the firm would have had the right to seek judicial review in a Texas state court. TEX. GOV'T CODE ANN. §§ 2001.174, 2001.176 (Vernon 2004).[4] Based on these facts, the Court must conclude that plaintiffs received accounting services from a licensed accounting firm, regardless of plaintiffs' opinion that the firm was not "properly licensed."

Moreover, any injury must be found in the failure of KPMG to provide adequate accounting services at the time the work was performed, because plaintiffs have "expressly disclaimed future damages for the expense of re-doing KPMG's work." See Opposition to Defendants' Motion to Dismiss, docket no. 49, p. 17. Yet, plaintiffs do not allege any fault in the accounting services provided to them by KPMG, and indeed present no allegation or argument that any of the accounting work in question has been found to be at fault or has required reconsideration. Id. at 17-20; see also Plaintiffs' Second Amended Complaint; Amended Class Action Complaint in Intervention.

Plaintiffs instead claim "benefit-of-the-bargain and out-of-pocket damages" in the form of fee-forfeiture and disgorgement. However, there is no satisfactory demonstration plaintiffs have suffered either benefit-of-the-bargain or out-of-pocket damages, for it appears the clients of KPMG received exactly for what they paid–legitimate accounting services from a licensed Texas accounting firm. For

---

[4] This argument was similarly made and rejected in the related case brought on behalf of KPMG's competitors.

support, plaintiffs cite a number of authorities, each of which relates to fee reimbursement or disgorgement from defendants who were unlicensed in their profession or otherwise actively engaged in illegal conduct. See Trustees of Laundry & Dry Cleaners Health & Welfare Trust Fund v. Burzynski, 27 F.3d 153, 155-57 (5th Cir. 1994) (ordering return of all fees paid to physician who was neither FDA-approved nor licenced in Texas to provide certain cancer treatments); Regional Props., Inc. v. Financial & Real Estate Consulting Co., 678 F.2d 552, 564 (5th Cir. 1982) (finding that unregistered broker was not entitled to claim fees for services performed); Energytec, Inc. Proctor, Nos. 3:06CV871L, 3:06CV933L, 2007 WL 1266051, *15 (N.D. Tex. Apr. 30, 2007) (holding that firm was entitled to restitution after broker-defendants engaged in scheme to sell securities to unaccredited investors); see also Ransburg v. Haase, 586 N.E.2d 1295, 1298-1300 (Ill. App. 1992) (ordering architect practicing without license to return all client fees). As discussed above, KPMG was a licensed accounting firm and performed adequate accounting work for its clients, which precludes damages in this regard. For these reasons, plaintiffs' allegations contained in counts one through nine of the complaints must be dismissed under rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### B.  Causes of Action Ten and Eleven, RICO Claims

The Racketeer Influenced and Corrupt Organizations Act ("RICO") allows "[a]ny person injured in his business or property" by a violation of the Act to bring suit for damages, costs and attorney's fees in a United States District Court. 18 U.S.C. § 1964(c). In order to have standing to sue under this statute, a plaintiff must show its injury was proximately caused by a RICO violation. Cullom v. Hibernia Nat'l Bank, 859 F.2d 1211, 1214 (5th Cir. 1988). Further, "[a] plaintiff may not sue under RICO unless he can show a concrete financial loss." Patterson v. Mobil Oil Corp., 335 F.3d 476, 492 n.16 (5th Cir. 2003). Moreover, "every court that has addressed this issue has held that injuries

proffered by plaintiffs in order to confer RICO standing must be 'concrete and actual,' as opposed to speculative and amorphous . . . [and] a cause of action does not accrue under RICO until the amount of damages becomes clear and definite." Evans v. City of Chicago, 434 F.3d 916, 932 (7th Cir. 2006) (internal citations and quotations omitted).

Plaintiffs assert their "concrete, non-speculative injury" consists of the fees paid to KPMG "under the mistaken belief that KPMG had properly acquired its license and registration to practice public accounting in Texas." Opposition to Defendants' Motion to Dismiss, docket no. 49, p. 21. As discussed above, it is not disputed that KPMG was, in fact, a licensed accounting firm at the time of the alleged injuries. This inescapable fact precludes plaintiffs from claiming damages in the form of fees paid for what appears to be, for all intents and purposes, quality accounting services. Because plaintiffs have failed to assert damages, an essential element of a RICO cause of action, they have failed to state a claim for relief under the statute. For these reasons, plaintiffs' allegations contained in counts ten and eleven of the complaints must be dismissed under FED. R. CIV. P. 12(b)(6).

## VI.  Defendants' 9(b) Motion to Dismiss

Though not necessary to be considered in light of the determinative nature of defendants' 12(b)(6) motion to dismiss, defendants' rule 9(b) motion to dismiss for lack of particularity in plaintiffs' and plaintiff-intervenors' fraud allegations fails. The complaints provide at least two lengthy paragraphs detailing specific allegations of fraud. While defendants urge that Fifth Circuit precedent regarding FED. R. CIV. P. 9(b) requires "particulars of time, place and contents," Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1139 (5th Cir. 1992), the Fifth Circuit has also agreed with other Circuits that "[t]he requirement of particularity does not abrogate Rule 8, and it should be harmonized with the general directives . . . of Rule 8 that the pleading should contain a 'short and plain' statement

11

of the claim or defense and with each averment should be 'simple, concise and direct.' Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." Landry v. Air Line Pilots Ass'n Int'l, AFL-CIO, 901 F.2d 404, 430 n.92 (5th Cir.) (citations and internal quotations omitted), cert. denied, 498 U.S. 895 (1990). Where, as here, the number of occasions in which a defendant is alleged to have committed fraud are "numerous, pervasive, and continuing," Plaintiffs' Second Amended Complaint, p. 15, over the course of fifteen years, the standard which defendants invoke is overly onerous considering plaintiffs' eighty page complaint. Accordingly, the Court concludes plaintiffs' allegations have been pleaded with enough particularity to put defendants on notice of the substance of plaintiffs' fraud claims. Accordingly, the Court finds the combined public policy of rules 8(a) and 9(b) has been satisfied. Defendants' motion to dismiss under FED. R. CIV. P. 9(b) is therefore denied.

## VII.  Conclusion

Because this Court has subject matter jurisdiction over this matter, because the action is not an impermissible collateral attack, and because the complaints are not brought under the TPAA, defendants' motion to dismiss under rule 12(b)(1) of the Federal Rules of Civil Procedure shall be denied. Because KPMG was, at all times relevant to the complaints, duly licensed by the Board to practice public accountancy in Texas, because plaintiffs do not allege the accounting work was faulty or required reconsideration, and because plaintiffs seek fee-restitution damages, plaintiffs have failed to state a claim upon which relief can be granted. Defendants' motion to dismiss under FED. R. CIV. P. 12(b) shall therefore be granted and plaintiffs' claims against defendants shall be dismissed. Finally, because the complaints contain allegations sufficient to put defendants on notice claims against them, and in furtherance of harmony between Federal Rules of Civil Procedure 8(a) and 9(b), plaintiffs' have

12

properly pleaded their claims of fraud.  Defendants' motion to dismiss under rule 9(b) shall therefore be denied.

IT IS THEREFORE ORDERED that defendants' motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure (contained within docket no. 40) is GRANTED such that plaintiffs' and plaintiff-intervenors' claims against defendants are DISMISSED for failure to state a claim for actual damages upon which relief can be granted.  The remaining arguments made in defendants' rule 12(b)(6) motion are dismissed as moot.  Defendants' motions to dismiss under rules 12(b)(1) and 9(b) of the Federal Rules of Civil Procedure (also contained within docket no. 40) are DENIED.  Defendant Maresh's motion to dismiss (docket no. 42), which joins in and adopts the arguments made by the other defendants, is similarly GRANTED and DENIED.

IT IS FINALLY ORDERED that the above-styled and numbered cause is DISMISSED. Motions pending with the Court, if any, are Dismissed as Moot.

It is so ORDERED.

SIGNED this _____ 22ⁿᵈ _____ day of January, 2008.


                                        FRED BIERY
                                        UNITED STATES DISTRICT JUDGE

13